IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS

ISMAEL DELEON ORTEGA, JR.,

     Petitioner,

     v.                       CASE NO.  23-3213-JWL

USD COURT,

     Respondent.

## MEMORANDUM AND ORDER TO SHOW CAUSE

Petitioner brings this pro se petition for writ of habeas corpus under 28 U.S.C. § 2241. Petitioner is in custody at the Seward County Jail in Liberal, Kansas ("SCJ").  The Court has screened the Petition (Doc. 1) under Rule 4 of the Rules Governing Habeas Corpus Cases, foll. 28 U.S.C. § 2254, and directs Petitioner to show good cause, in writing, why this matter should not be dismissed under the abstention doctrines set forth in *Younger v. Harris*, 401 U.S. 37 (1971), and *Ex Parte Royall*, 117 U.S. 241 (1886).

### I.  Allegations in the Petition

The Petition is largely incomprehensible and is missing pages 3, 4, 5, 6, 7, 9, 10, 11 and 12.  In addition, Petitioner names the "USD Court" as the respondent although he is being held at the SCJ on state charges.  "[T]he proper respondent to a habeas petition is 'the person who has custody over [the petitioner],'" that is, "the warden of the facility where the prisoner is being held, not the Attorney General or some other remote supervisory official." *Rumsfeld v. Padilla*, 542 U.S. 426, 434–35 (2004) (citations omitted); *see also* 28 U.S.C. § 2243 ("The writ, or order to show cause shall be directed to the person having custody of the person detained.").

The Petition does not contain any pages setting forth Petitioner's grounds for relief. However, under the section listing the decision or action he is challenging, he states that he has

been held in jail from 2020 to 2023.  (Doc. 1, at 2.)   In other parts of the Petition, he references

his Seward County Case Nos. 197 and 209.  *Id*. at 2–4.  Petitioner leaves blank the section for his

requested relief.  *Id*. at 5.  However, on an attached page, he asserts that he is asking the Court to

overturn his plea of no contest.  *Id*. at 7.  Petitioner also states that there are little black bed bugs

in the jail.  *Id*.

## II.  DISCUSSION

### 1.  Conditions of Confinement

To the extent Petitioner is asserting a claim regarding his conditions of confinement by

stating that there are bugs in the SCJ, his claim is denied.   Any challenges to his conditions of

confinement must be brought pursuant to 42 U.S.C. § 1983.   "In this circuit, a prisoner who

challenges the fact or duration of his confinement and seeks immediate release or a shortened

period of confinement, must do so through an application for habeas corpus. In contrast, a

prisoner who challenges the conditions of his confinement must do so through a civil rights

action." *Palma–Salazar v. Davis,* 677 F.3d 1031, 1035 (10th Cir.2012) (citation omitted).

Petitioner's conditions of confinement claim is denied as not properly brought in a habeas

action.  To the extent Petitioner seeks to raise any claims regarding his conditions at the SCJ, he

must do so on a form for filing a complaint pursuant to 42 U.S.C. § 1983.  The Court will direct

the Clerk provide Petitioner with § 1983 forms and instructions.

### 2.  Habeas Relief

The United States district courts are authorized to grant a writ of habeas corpus to a

prisoner "in custody in violation of the Constitution or laws or treaties of the United States." 28

U.S.C. § 2241(c)(3).  Habeas Corpus Rule 4 requires the Court to undertake a preliminary review

of the petition and "[i]f it plainly appears from the petition and any attached exhibits that the

petitioner is not entitled to relief . . . the judge must dismiss the petition." Habeas Corpus Rule 4.

Petitioner appears to be challenging his state criminal cases that are pending in the District Court of Seward County, Kansas. *See State v. Ortega-Deleon*, Case No. 2020-CR-209, filed June 4, 2020 (District Court of Seward County, Kansas); *State v. Ortega-Deleon*, Case No. 2020-CR-197, filed May 27, 2020 (District Court of Seward County, Kansas). Petitioner pleaded guilty to sexual exploitation of a child—possess media of child <18.[1] *Id*. On August 18, 2022, Petitioner was sentenced to 60 months of confinement in Case No. 2020-CR-209 and 36 months of confinement in Case No. 2020-CR-197. *Id*.

On June 1, 2023, an affidavit for probation revocation in Case Nos. 20-CR-197 and 20-CR-209 was entered, stating that Petitioner was placed on Community Corrections for 36 months commencing on August 18, 2022. *Id*. A revocation hearing was held on July 13, 2023. *Id*. A motion to determine competency was filed on July 17, 2023; an order for psychiatric or psychological exam and evaluation was entered on July 19, 2023; and the cases are scheduled for a review hearing on October 16, 2023. *Id*.

Petitioner has previously challenged his state criminal proceedings in this Court.[2] *See Ortega v. Firtti*, Case No. 20-3228-SAC; *Ortega v. Brock*, Case No. 23-3211-JWL. Because Petitioner's state criminal proceedings were ongoing, the Court dismissed Case No. 20-3228 after Petitioner failed to show good cause why his case should not be dismissed based upon the *Younger* abstention doctrine. Case No. 20-3228, at Doc. 11. Petitioner was also directed to show good cause why his claims in Case No. 23-3211 should not be dismissed based on abstention. Case No. 23-3211, at Doc. 3.

---

[1]  The docket for Case No. 2020-CR-197 also shows that on July 12, 2022, Petitioner also pleaded nolo contendere to sexual exploitation of a child; possess media of child <18.
[2]  In Case No. 20-3228 Petitioner  alleged that an Oklahoma City Police Officer John Firtti or a Sheriff Randy Balk opened Petitioner's phone without a search warrant.

The United States Supreme Court has long held that federal courts generally should not exercise their power to discharge a person being detained by a state for trial on a state crime, even where the person alleges that the detention is unconstitutional. *Ex Parte Royall*, 117 U.S. 241 (1886). In 1886, the United States Supreme Court described some very limited circumstances in which such intervention might be proper, such as when the individual is in custody for an allegedly criminal act done as required by federal law or federal court order, when the individual is a citizen of a foreign country and is in state custody for an allegedly criminal act done under the authority of that foreign country, when the matter is urgent and involves the United States' relations with foreign nations, or when there is some reason why the state court may not resolve the constitutional question in the first instance. *Id.* at 251–52. Otherwise, federal courts must abstain from interfering with the process of state courts. *Id.* at 252 (stating that federal courts' non-interference with state courts "is a principle of right and law, and therefore of necessity").

Nearly a century later, the United States Supreme Court reaffirmed that principles of comity dictate that generally a federal court is not to intervene in ongoing state criminal proceedings unless "irreparable injury" is "both great and immediate." *See Younger v. Harris*, 401 U.S. 37, 46 (1971) (citation omitted). Under *Younger*, federal courts must abstain when "(1) the state proceedings are ongoing; (2) the state proceedings implicate important state interests; and (3) the state proceedings afford an adequate opportunity to present the federal constitutional challenges." *Phelps v. Hamilton*, 122 F.3d 885, 889 (10th Cir. 1997) (citing *Middlesex County Ethics Comm. v. Garden State Bar Ass'n*, 457 U.S. 423, 432 (1982)).

If the three circumstances are present, federal abstention is mandatory, unless extraordinary circumstances require otherwise. *Brown ex rel. Brown v. Day*, 555 F.3d 882, 888

(10th Cir. 2009) (quoting *Amanatullah v. Colo. Bd. of Med. Exam'rs*, 187 F.3d 1160, 1163 (10th

Cir. 1999)).   Two varieties of "extraordinary circumstances" exist:   "(1) where the plaintiff

makes a showing of bad faith or harassment by state officials responsible for the prosecution or

enforcement action and (2) where the state law or regulation to be applied is flagrantly and

patently violative of express constitutional prohibitions." *Id*. at n.4 (citations and internal

quotations omitted).   However, a petitioner has a "heavy burden" to overcome *Younger*

abstention by setting forth "more than mere allegations of bad faith or harassment."

*Amanatullah*, 187 F.3d at 1165 (citation omitted).

Although "*Younger* and *Ex Parte Royall* are related doctrines" the Tenth Circuit has

stated that *Younger* "addressed a federal court's equitable power to issue an injunction enjoining

state proceedings" while *Ex Parte Royall* "involved a request for habeas relief."   *Kirk v.

Oklahoma*, 2021 WL 5111985, at *2 (10th Cir. Nov. 3, 2021) (unpublished).   In finding that *Ex

Parte Royall* provided "more specific authority for the dismissal," the Tenth Circuit held that:

> In *Ex Parte Royall*, the Supreme Court held that federal courts
> have habeas corpus jurisdiction to discharge a state-court pretrial
> detainee from custody on the basis that his detention violates the
> constitution. But the Court further concluded that a federal court
> should not exercise its discretion to exert that power except in very
> limited circumstances and should instead allow the state court to
> pass upon constitutional questions in the first instance.
> Acknowledging exceptions to this rule, the Court pointed to 'cases
> of urgency[ ] involving the authority and operations of the [federal]
> government [or] the obligations of this country or its relations with
> foreign nations.' The Supreme Court has also sanctioned federal
> habeas relief in a pretrial case where, rather than seeking to litigate
> a federal defense to a criminal charge, the habeas applicant sought
> to compel the state to bring him to trial. '[O]nly in the most
> unusual circumstances is a defendant entitled to have federal
> interposition by way of injunction or habeas corpus until after the
> jury comes in, judgment has been appealed from and the case
> concluded in the state courts.' *Id.*

*Kirk*, 2021 WL 5111985, at *2 (internal citations omitted).  The Tenth Circuit concluded that the

district court did not err by abstaining from interfering in petitioner's state-court criminal proceedings because "[h]is is not a 'case[ ] of urgency' involving the imposition of state custody for commission of an act done in pursuance of federal law or under the authority of a foreign state . . . [n]or is he seeking to compel the state to bring him to trial." *Id*.

The instant Petition does not allege the type of circumstances under which *Ex Parte Royall* allows federal-court intervention.  Moreover, the three conditions in *Younger* appear to be satisfied with respect to Petitioner's current criminal prosecutions in the District Court of Seward County, Kansas.  Online records show that Petitioner's criminal proceedings are ongoing; the State of Kansas has an important interest in prosecuting crimes charging the violation of Kansas laws; and the state courts provide Petitioner the opportunity to present his challenges, including any federal constitutional claims, whether in the district court or, if necessary, on appeal or in further proceedings.

In *Hodson v. Reams*, the petitioner argued that the rescheduling of his competency hearing was done in bad faith, that the judge was acting in bad faith because he barred all *pro se* motions filed by petitioner, that his counsel acted wantonly and recklessly, that he was unable to exhaust his administrative remedies because he is barred by the state district court from filing *pro se* motions, and that the public defender violated his due process rights by failing to request competency from the date of the offense. *Hodson v. Reams*, Civil Action No. 17-cv-00379-GPG, 2017 WL 6550694, at *1 (D. Colo. June 20, 2017), *denying cert. of appealability* 729 F. App'x 661 (10th Cir. 2018). The court found that petitioner failed to establish that the state criminal proceeding was an inadequate forum to hear his claims, and that the State has an important interest in the administration of its criminal code, as well as the state competency procedures set forth in the state statutes. *Id*. at *2.

"To establish extraordinary or special circumstances and overcome abstention, [a petitioner] must be facing an irreparable injury that is both great and immediate." *Id*. at *3. "The exceptions to *Younger* provide only for a 'very narrow gate for federal intervention.'" *Id*. (citing *Phelps v. Hamilton*, 59 F.3d 1058, 1064 (10th Cir. 1997)).  A petitioner "may overcome the presumption of abstention 'in cases of proven harassment or prosecutions undertaken by state officials in bad faith without hope of obtaining a valid conviction and perhaps in other extraordinary circumstances where irreparable injury can be shown.'" *Id*. (citations omitted).

The Court finds that Petitioner fails to assert a basis for finding extraordinary or special circumstances. "[T]he state incompetency procedures are designed to protect a criminal defendant's federal due process rights." *Id*. (citation omitted). "[A]bsent a showing of bad faith, the extraordinary circumstances would not be demonstrated even if [a petitioner] has been adjudged incompetent incorrectly under state statutory procedures." *Id*. at *4 (citing *Younger*, 401 U.S. at 46–47).

Thus, it appears that *Ex Parte Royall* and *Younger* require this Court to decline to interfere in the ongoing state court proceedings in the District Court of Seward County, Kansas. Petitioner is therefore directed to show good cause, in writing to the undersigned, why this matter should not be summarily dismissed without prejudice under *Ex Parte Royall* and *Younger*. The failure to file a timely response will result in this matter being dismissed without further prior notice to Petitioner.

### 3.  Motion for Leave to Proceed IFP

The Court provisionally grants Petitioner's motion for leave to proceed in forma pauperis.  Petitioner has not signed his current motion to proceed in forma pauperis and has not included a certificate executed by an authorized SCJ officer stating the amount of money or

securities on deposit to his credit in any account in the institution.  *See* D. Kan. Rule 9.1(g)(2)(A) (requiring certificate).  Petitioner must cure these deficiencies by October 26, 2023.

## III.  Response Required

Petitioner is required to show good cause why his Petition should not be dismissed for the reasons stated herein.  Failure to respond by the Court's deadline may result in dismissal of this case without further notice.

**IT IS THEREFORE ORDERED BY THE COURT** that the Court provisionally grants Petitioner's motion for leave to proceed in forma pauperis (Doc. 2).  Petitioner remains obligated to submit a signed motion for leave to proceed in forma pauperis and to include the financial information required by D. Kan. Rule 9.1(g)(2)(A) by **October 26, 2023.**  If Petitioner fails to comply by the deadline, this matter may be dismissed without further notice for failure to comply with the Court's order.

**IT IS FURTHER ORDERED** that Petitioner is granted until **October 26, 2023,** in which to show good cause, in writing to the undersigned, why the Petition should not be dismissed for the reasons stated herein.

The Clerk is directed to send Petitioner § 1983 forms and instructions and forms and instructions for proceeding in forma pauperis.

**IT IS SO ORDERED**.

**Dated September 26, 2023, in Kansas City, Kansas.**

**S/  John W. Lungstrum**
**JOHN W. LUNGSTRUM**
**UNITED STATES DISTRICT JUDGE**